FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JUN 10, AM 10:18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MORNING STAR ASSOCIATES, INC.;
MARGARET HERRMANN; ROBERT
MCMAHON; and CHRISTOPHER
HERRMANN,

    Plaintiffs,

v.

UNISHIPPERS GLOBAL LOGISTICS,
LLC,

    Defendant.

CV 115-033

# O R D E R

Presently before the Court is Plaintiff Christopher Herrmann's motion to alter or amend the Court's May 20, 2015 Order granting Defendant's Motion to Compel Arbitration and denying his Motion for a Preliminary Injunction, which the Court **DENIES** for the reasons contained herein. (Doc. no. 34.) The Court, having thoroughly recited the facts of this case in its previous Order, does not do so again here.

## I. MOTION FOR RECONSIDERATION STANDARD[1]

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within

---

[1] Although Mr. Herrmann cites both Rule 59 and Rule 60 as the bases for his motion, because the motion for reconsideration was filed just two days after the entry of the Court's Order the motion is properly characterized as one under Rule 59(e).

twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). In fact, a motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to "ask the Court to rethink what [the Court] ha[s] already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), quoted in Weitz Co. v. Transp. Ins. Co., No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) and Vidinliey v. Carey Int'l, Inc., No. 1:07-cv-762, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v.

Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998); see also Collins v. Int'l Longshoremen's Ass'n Local 1423, No. 2:09-cv-093, 2013 WL 393096, at *1 (S.D. Ga. 2013 Jan. 30, 2013) ("Motions for reconsideration should not be used to relitigate issues which have already been found lacking." (internal quotations omitted)); Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

"A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law. It should be used in order to prevent manifest injustice, however it is an extreme measure, and substantial discretion rests with the court in granting such a motion." Medley v. Westpoint Stevens, Inc., 162 F.R.D. 697, 698 (M.D.

Ala. 1995) (internal citations omitted). "This ordinarily requires a showing of 'clear and obvious error' where the 'interests of justice demand correction.'" McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)(quoting Prudential Sec., Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

## II. **DISCUSSION**

Through the instant motion, Mr. Herrmann contends that "the Court misinterpreted the Waiver of Non-Competition Non-Disclosure Agreement" and this mistake warrants reconsideration. (Doc. no. 34 at 1.) More specifically, Mr. Herrmann argues that the Court improperly held that Mr. Herrmann and Morning Star Associates ("MSA") only waived Sections 2, 3, 4, and 15 of the Non-Competition Agreement, when in reality they waived the entire agreement, arbitration provisions included. Thus, Mr. Herrmann contends that the delegation provision on which the Court relied is no longer in effect.

As a preliminary matter, Mr. Herrmann thoroughly briefed the issue of waiver in his Motion for Preliminary Injunction and

4

response to the Motion to Dismiss and Compel Arbitration. (Doc. no. 17 at 10-12; Doc. no. 20 at 5-7.) Because Mr. Herrmann has not presented any new argument, his motion for reconsideration is due to be denied on this ground alone. See Lockard, 163 F.3d at 1267.

Notwithstanding the repetition of argument, Mr. Herrmann's position that the Court committed clear error because he waived the entire Non-Competition Agreement — leaving no arbitration provision to enforce — is without merit. First, for the Court to hold that waiver of a contract necessarily includes waiver of any arbitration provisions would circumvent the Supreme Court's holding that arbitration provisions are severable from the remainder of a contract. See Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 70-71 (2010).

Moreover, a review of the Non-Competition Agreement and subsequent waiver support the Court's conclusion that Mr. Herrmann did not waive the entire agreement, but rather selectively waived certain provisions. The "waiver to the Non-Competition Non-Disclosure Agreement" contains the following language:

> In particular, it is agreed that [MSA] will waive all restrictions on the use of Customer Information in Sections 2 & 3. The Non-competition and Non-Solicitation Requirements of Section 4 will be waived and [Mr. Herrmann] will have the right to immediately explore options for future employment and upon future termination can immediately start work in his chosen

> field free of any Non-Compete/Non-Solicitation/Non-Disclosure restrictions set forth in said document.
>
> [MSA] also revokes the granted third party beneficiaries clause of this agreement under Section 15.

(Doc. no. 34, Ex. 1.) According to Mr. Herrmann, he intended to waive the entire agreement and that the waiver "unnecessarily" contained these "examples of provisions in the Non-Competition Agreement regarding competition, solicitation, and confidentiality . . . ." (Doc. no. 34 at 2.)

However, another subsequent provision in the Non-Competition Agreement forecloses Mr. Herrmann's argument for reconsideration. Section 14 of the Non-Competition Agreement contains the following: "No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision." (Id., Ex. 2.) This language limits the scope of any waiver and clearly requires the parties to properly identify any waived provisions. In light of Section 14, the Court made a reasonable determination that Mr. Herrmann and MSA included the "examples" for a reason.

Mr. Herrmann also quotes the Court's Order, in which it stated that "the Non-Competition Agreement is clearly void under applicable Georgia law" and that "a gateway issue that is wholly groundless should not be subject to arbitration." (Doc. no. 33

6

at 27.) That the Court stated in dicta that the Non-Competition Agreement is invalid does not warrant reconsideration.[2]

### III. CONCLUSION

For all of the reasons contained herein, the Court concludes that Mr. Herrmann has not shown clear error or manifest injustice under Rule 59. Accordingly, Mr. Herrmann's Motion to Alter or Amend Judgment (Doc. no. 34) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Herrmann additionally asserts that even if the parties agreed to waive only certain provisions of the Non-Competition Agreement, as the Court interpreted the waiver, one of those provisions was Unishippers' third-party beneficiary rights. (Doc. no. 34 at 3.) This, according to Mr. Herrmann, leaves Unishippers without standing to enforce the Non-Competition Agreement. (Id.) Mr. Herrmann's position, which the Court has already addressed, is similarly subject to the delegation provision and must be addressed by an arbitrator.

7