**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

MORNING STAR ASSOCIATES,         *
INC.; ROBERT McMAHON;           *
CHRISTOPHER HERRMANN;           *
and MARGARET HERRMANN,         *
                                  *
        Plaintiffs,           *
                                  *
            v.                 *         CV 115-033
                                  *
UNISHIPPERS GLOBAL             *
LOGISTICS, LLC,                 *
                                  *
        Defendant.           *

---

**O R D E R**

---

On February 27, 2015, Plaintiffs instituted the instant case against Defendant. (Doc. No. 1.) On March 25, 2015, Defendant moved to dismiss this case and compel Plaintiffs to submit their claims against Defendant to arbitration in accordance with the terms of the parties' agreements. (Doc. No. 11.) On May 20, 2015, this Court granted Defendant's motion to the extent that it sought to compel arbitration and stayed this case pending the completion of arbitration.[1] (Doc. No. 33.) Plaintiff Christopher Herrmann subsequently

---

[1] The Court also denied Plaintiff Christopher Herrmann's motion for preliminary injunction, ordered that this case be closed for all purposes of statistical reporting, and instructed the parties that they could move "to re-open this matter following arbitration is appropriate and necessary." (Doc. No. 33, at 28-29.)

appealed this matter to the United States Court of Appeals for the Eleventh Circuit. (Doc. No. 37.)

On December 14, 2015, the Eleventh Circuit remanded the above-captioned case to this Court for the purpose of determining whether the parties were completely diverse when this suit commenced. (Doc. No. 44.) This Court subsequently re-opened this case and granted Plaintiffs leave to conduct limited jurisdictional discovery. (Docs. No. 50, 52.) Plaintiffs thereafter submitted evidence of Defendant's citizenship and the parties filed briefs indicating that diversity jurisdiction in fact existed. (Docs. No. 54, 55.) Accordingly, on May 12, 2016, this Court entered an Order finding that diversity jurisdiction did in fact exist at the time Plaintiffs initiated this case; (b) directing this matter be returned to the Eleventh Circuit for further proceedings; and (c) closing this case. (Doc. No. 56.)

The Eleventh Circuit has now dismissed Plaintiff Christopher Herrmann's appeal on the grounds that the Eleventh Circuit lacked jurisdiction to review this Court's Order dated May 20, 2015 because, *inter alia*, the aforementioned Order "is not a final, appealable order." (Doc. No. 57.) Nevertheless, the Eleventh Circuit granted Plaintiff Christopher Herrmann's "motions to amend his pleadings to properly allege [Defendant's] citizenship and to supplement the record with

evidence of Unishippers Holdings's citizenship . . . ." (Id. at 2.)

Accordingly, **IT IS HEREBY ORDERED** that the Mandate of the Eleventh Circuit is made the Order of this Court. **IT IS FURTHER ORDERED** that Plaintiffs shall file their amended complaint with the Clerk of this Court **within fourteen (14) days from the date of this Order.**[2] **IT IS FURTHER ORDERED** that, upon the filing of Plaintiffs' aforementioned forthcoming amended complaint, this case shall be **STAYED** pending the completion of arbitration and **CLOSED** for all purposes of statistical reporting without the need for further order or action from this Court and/or its Clerk. Either party may, by written motion, seek to re-open this matter following arbitration if appropriate and necessary.

**ORDER ENTERED** at Augusta, Georgia, this $\underline{27th}$ day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[2] As noted in the Eleventh Circuit's Mandate, Plaintiffs' amendments to their complaint shall be limited to properly alleging Defendant's citizenship.

3